■ EMIL DIAZ, Respondent, v. ALINE DIAZ, Appellant. (And Two Other Actions.) — In consolidated appeals (three actions are involved), defendant appeals from four orders of the Supreme Court, Queens County, as follows: (1) as limited by her brief, from so much of an order dated May 8, 1970, as, after restoring her prior motion for temporary alimony and counsel fees, denied said prior motion (in the first action for divorce, in which the complaint had been dismissed by order dated March 27, 1970); (2) from an order dated July 24, 1970, which granted plaintiff's motion for leave to file a separation agreement; (3) from an order dated January 15, 1971, which denied defendant's motion to dismiss the complaint in plaintiff-husband's second divorce action; and (4) from an order dated January 20, 1971, which granted plaintiff-husband's motion for summary judgment in a mortgage foreclosure action on the parties' former marital residence. Orders affirmed insofar as appealed from, without costs. No opinion. Martuscello, Acting P. J., Gulotta, Christ and Brennan, JJ., concur; Benjamin, J., concurs in the affirmance as to the orders dated May 8, 1970, July 24, 1970 and January 15, 1971, but otherwise dissents and votes to reverse the order dated January 20, 1971 and to deny plaintiff's motion for summary judgment in the mortgage foreclosure action, with the following memorandum: This is not the usual mortgage foreclosure action involving a conventional mortgage. Here the dispute is between husband and wife; and the mortgage was given by the wife as part of an over-all settlement of their affairs by a separation agreement which included a waiver of alimony and the conveyance to the wife of a house owned by the parties by the entirety. Subsequent events and litigation have so confused their financial arrangements that at the present posture of their dispute the wife will find herself with neither alimony nor the house unless we give her a chance to cure her default in making the mortgage payments. To deny her that chance would, in this case, be grossly inequitable. We have the power to give it to her (14 Carmody-Wait 2d, New York Practice, §§ 92:45, 92:46, pp. 672, 673) and we here should do it.